UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIOVANNI FAJARDO MORENO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　　　　　　Defendant. | Docket No. 1:23-CV-06539<br><br><br>DEFENDANT UNITED AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant UNITED AIRLINES, INC. ("United"), by its undersigned attorneys, KMA ZUCKERT LLC, as and for its Answer to the Plaintiff's Complaint alleges, upon information and belief, as follows:

## AS TO THE FIRST CAUSE OF ACTION

1. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph "1" of the Complaint.

2. United admits the allegations asserted in Paragraph "2" of the Complaint.

3. United denies the allegations asserted in Paragraph "3" of the Complaint, except admits that United does business in New York.

4. United admits the allegations asserted in Paragraph "4" of the Complaint.

5. United admits the allegations asserted in Paragraph "5" of the Complaint.

6. United denies the allegations asserted in Paragraph "6" of the Complaint.

7. United denies the allegations asserted in Paragraph "7" of the Complaint, and refers all questions of law to the Court.

8. United denies the allegations asserted in Paragraph "8" of the Complaint.

9. United denies the allegations asserted in Paragraph "9" of the Complaint, and refers all

questions of law to the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks personal jurisdiction over United as United is not subject to general or specific jurisdiction in New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to properly and/or fully mitigate his alleged damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained or suffered damages as alleged in the Complaint, which United expressly denies, such damages were suffered and sustained by reason of the negligence or other culpable conduct of persons or entities over whom United exercised no control or supervision, and not by reason of any culpable conduct of United.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff, or its liability, if any, is barred, and/or limited pursuant to its Conditions of Contract.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with New York CPLR § 4545, or by virtue of the comparable provision under Florida Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

United asserts that this case falls within the limited liability provisions of CPLR § 1601,

and that United's liability for non-economic loss, if any, shall be limited to its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

If Plaintiff sustained or suffered damages as alleged in the Complaint, United expressly denies, such damages were caused in whole or in part by Plaintiff's voluntary assumption of all risks, hazards, defects and dangers.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

United, at all times relevant hereto, acted reasonably and in good faith, and with due care for the rights of Plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The alleged occurrence was caused by superseding and intervening conditions over which United had no control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is preempted by the Airline Deregulation Act.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The alleged Incident occurred in the State of Florida, such that Florida law applies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to assert against Plaintiff, or any other subsequent defendant or third parties, any other claims or affirmative defenses that may develop during the course of the investigation, discovery, and litigation of this action.

WHEREFORE, Defendant UNITED AIRLINES, INC. demands judgment dismissing Plaintiff's Complaint in its entirety with prejudice, together with the costs and disbursements of

this action, and such other and further relief in favor of United as the Court deems just and proper.

## CERTIFICATION

I hereby certify that the within Answer was timely served within the time prescribed, and I further certify that a copy was served upon all counsel of record.

Dated: September 7, 2023

                                                    **KMA ZUCKERT LLC**
                                                    *Attorneys for Defendant*

                                      By:  s/ *Nicholas E. Pantelopoulos*
                                               Nicholas E. Pantelopoulos
                                               Sarah M. Rocco
                                             1350 Broadway, Suite 2410
                                             New York, New York 10018
                                             Ph: +1.212.922.0450
                                             Fax: +1.212.922.0530
                                             NEP@kmazuckert.com
                                             srocco@kmazuckert.com

                        *\*\*\*  Certificate of Service on Next Page  \*\*\**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of September, 2023, I electronically filed this document with the United States District Court for the Eastern District of New York. I also certify that the foregoing document is being served this day upon counsel of record for all parties to this action via PACER and mail as follows:

Jonathan C. Reither Law Firm, PLLC<br>
Attn: Meryl I. Schwartz, Esq.<br>
350 Fifth Avenue, Suite 6400<br>
New York, New York 10118<br>
(212) 736-0979

Dated: New York, New York
      September 7, 2023                  /s/ *Nicholas E. Pantelopoulos*
                                                Nicholas E. Pantelopoulos