

KMA Zuckert LLC
1350 Broadway, Suite 2410
New York, New York 10018
+1.212.922.0450 Main
www.kmazuckert.com

**Nicholas E. Pantelopoulos**
+ 1.212.922.0450 Direct
nep@kmazuckert.com

October 19, 2023

<u>**VIA ECF**</u>     <u>**Letter Request for Pre-Motion Conference**</u>

Hon. Eric N. Vitaliano
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:   <u>Giovanni Fajardo Moreno v. United Airlines, Inc.</u>
>          <u>Case No. 1:23-cv-06539-ENV-RER</u>

Dear Judge Vitaliano:

    We are attorneys for defendant United Airlines, Inc. ("United") in Plaintiff Giovani Fajardo Moreno's ("Plaintiff") personal injury lawsuit originally filed in the Supreme Court of New York, Queens County on May 30, 2023 and removed to this Court pursuant to diversity subject matter jurisdiction on August 31, 2023. (ECF No.1). Pursuant to Your Honor's Individual Motion Practices and Rules, we write on behalf of United to request a pre-motion conference for purposes of filing a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2), namely that, under now well-established U.S. Supreme Court jurisprudence, (1) United is not subject to general personal jurisdiction in New York, and (2) United is not subject to specific personal jurisdiction in New York on Plaintiff's claims.

    By way of factual background and as alleged in the Complaint, Plaintiff is a New York resident who claims that on May 4, 2022 he was a passenger on United Flight 2226 from Orlando Airport in Orlando, Florida to Newark Liberty International Airport in Newark, New Jersey, when the overhead compartment on the flight was allegedly closed on his hand while he was stowing his luggage prior to take-off from Orlando.  Plaintiff asserts that his injuries are due to the negligence of United in United's employee failing to observe Plaintiff's hand/finger in the overhead compartment, in failing to see what could be seen, and in failing to exercise proper care and supervision.

    United is not subject to general jurisdiction in New York as United is not "at home" in New York, since (1) United is not incorporated in New York (United is incorporated in Delaware); (2) United does not maintain its principal place of business in New York (United's principal place of business is in Chicago, Illinois); and (3) there are no "exceptional circumstances" that would provide a basis for the Court to determine United is "at home" in New York to sustain the all-purpose general jurisdiction.



Hon. Eric N. Vitaliano
October 19, 2023
Page 2

    Next, United is not subject to specific jurisdiction in New York because the Plaintiff's claims clearly do not "arise out of or relate to" any of United's purposeful activities in the State of New York, and thus the exercise of jurisdiction over United in New York would not be reasonable under the facts of this case.  While the Complaint does not set forth any jurisdictional allegations by which New York's long-arm statute CPLR § 302 would be applicable, based on the facts alleged the only section of CPLR § 302 which Plaintiff conceivably could rely upon is paragraph (a)(3) relating to a "tortious act without the state causing injury to person or property within the state." As that section clearly sets forth, however, the out-of-state tortious act must necessarily have caused injury to a person in the State of New York.  Here, as Plaintiff readily admits by virtue of the allegations in his Complaint, the injury occurred in the State of Florida.  There is absolutely no connection with and were no consequences in the State of New York. Plaintiff thus cannot rely on New York's long-arm statute to confer specific personal jurisdiction over United here.

    United has asserted its defense as to lack of personal jurisdiction by virtue of expressly asserting this as it First Affirmative Defense in its answer, timely filed on September 7, 2023. (ECF No. 2). Based on the above, we respectfully request that this Court arrange a pre-motion conference with the parties to address United's intended Motion to Dismiss the Plaintiff's Complaint.

    Thank you for your attention to this regard, and should the Court need any additional information, we are happy to oblige.

                                                              Respectfully submitted,

                                                              KMA ZUCKERT LLC

                                                              *s/ Nicholas E. Pantelopoulos*
                                                              Nicholas E. Pantelopoulos
NEP:smr                                                      Attorneys for Defendant United Airlines, Inc.

cc:     Meryl I. Schwartz, Esq.
        Attorney for Plaintiff
        Via ECF to: mschwartz@jcreiterlaw.com