UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIOVANNI FAJARDO MORENO,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>**Defendant.** | Civil Action No. 1:23-CV-06539 |

**JOINT MOTION TO TRANSFER PLAINTIFF'S COMPLAINT TO THE U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

Defendant United Airlines, Inc. ("United") and Plaintiff Giovanni Fajardo Moreno ("Plaintiff") move this Court to enter the proposed Agreed Order transferring Plaintiff's Complaint [ECF 1], filed May 30, 2023, and timely removed to this Court on August 31, 2023, to the U.S. District Court, Middle District of Florida, Orlando Division as New York lacks personal jurisdiction.

1. This is a personal injury action brought by Plaintiff alleges personal injury to the Plaintiff's finger as a result of an incident on or about May 4, 2022 while travelling on United Airlines flight UA 2226 from Orlando Airport, Florida, to Newark Airport in New Jersey.

2. For the Court's convenience, the relevant facts are set forth below:

    a. Plaintiff, at the time of commencement of this action, alleges that he resided in the County of Queens, State of New York. (Complaint ¶ 1). United is incorporated in the State of Delaware and its principal place of business and headquarters is located in Chicago, Illinois. The incident occurred while before the aircraft departed from Orlando Airport, Florida. The flight then commenced to Newark

1

Liberty International Airport, New Jersey. (Complaint ¶ 4.). Plaintiff alleges that he sustained serious injuries from the incident leading to rehabilitative expenses in a sum which exceeds the jurisdictional limits of all lower courts.

3. A federal district court has the discretion to cure lack of personal jurisdiction "by transfer to a district in which personal jurisdiction c[an] be exercised" with the transfer authority derived from either 28 U.S.C. §1406(a) or § 1404(a). *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000).

4. Historically, a state's personal jurisdiction stopped at the state line. See *Pennoyer v. Neff*, 95 U.S. 714, 720 (1878). However, following the canonical opinion of *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), "the relationship among the defendant, the forum, and the litigation . . . became the central concern of the inquiry into personal jurisdiction." *Daimler AG*, 571 U.S. at 126 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

5. Personal jurisdiction comes in two forms: general and specific. *Id*. at 127. General jurisdiction is dispute-blind, meaning that "[a] court may assert general jurisdiction over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction, on the other hand, is "case-linked" and "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919).

6. United is not amenable to general jurisdiction in New York. For a corporation, the "paradig[m] . . . bases for jurisdiction" are "the place of incorporation and principal place of business," because they are "unique," "easily ascertainable," and "afford plaintiffs recourse to at

least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Goodyear*. at 137.

7. General jurisdiction will not attach outside of these paradigm forums simply because the corporation does business within the forum, even if that business is "substantial, continuous, and systematic." *Id*. at 138.

8. United is incorporated in the State of Delaware and has its principal place of business in Illinois. New York is thus not a forum in which United is "at home."

9. Specific jurisdiction depends on an "affiliatio[n] between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919 (citation omitted). For a state to validly exercise specific jurisdiction over a foreign defendant, the defendant must both purposefully avail itself of the privilege of doing business in the state and the plaintiff's claims must "arise out of or relate to" those purposeful activities. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Daimler*, 571 U.S. at 126).

10. Here, where the injury occurred when the door to an overhead bin was allegedly closed on Plaintiff's hand prior to take of from Orlando Airport, and where the flight was set to land in New Jersey, United's business activities in New York clearly are not related to Plaintiff's claims of negligence.

11. Accordingly, the current claims do not arise out of or relate to United's purposeful contacts with New York and do not meet the requirements of specific jurisdiction pursuant to the Supreme Court's holding in *Bristol-Myers Squibb*.

12. Based on the foregoing, the parties have conferred and agree that this matter should more appropriately be venued in Florida, which is the situs where the incident took place.

WHEREFORE, the parties have conferred and respectfully request that the proposed Order transferring this matter to the U.S. District Court, Middle District of Florida and annexed hereto, be entered.

Dated: November 17, 2023  Respectfully submitted,

KMA ZUCKERT LLC

By:  /s/ *Nicholas E. Pantelopoulos*
Nicholas E. Pantelopoulos
1350 Broadway, Suite 2410
New York, New York 10018
T: (212) 922-0450 F: (212) 922-0530
Email: nep@kmazuckert.com

*Attorneys for Defendant*
*United Airlines, Inc.*

JONATHAN C. REITER LAW FIRM, PLLC

By:  */s/ Meryl I. Schwartz*
Meryl I. Schwartz
Empire State Building
350 Fifth Avenue, Suite 6400
New York, New York 10118
T: (212) 736-0979 F: (212) 268-5297
Email: mschwartz@jcreiterlaw.com

*Attorneys for Plaintiff*
*Giovanni Fajardo Moreno*

4

**CERTIFICATE OF SERVICE**

      The undersigned certifies that, on November 17, 2023, pursuant to Fed. R. Civ. P. 5, a true and correct copy of the foregoing Joint Motion to Transfer was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court, or was served by the method indicated below:

| | | |
|---|---|---|
| Meryl I. Schwartz<br>Empire State Building<br>350 Fifth Avenue, Suite 6400<br>New York, New York 10118<br>T: (212) 736-0979 F: (212) 268-5297<br>Email: mschwartz@jcreiterlaw.com | [X] Via CM/ECF<br>[X] Via Email<br>[ ] Via FedEx<br>[ ] Via Hand Delivery<br>[ ] Via U.S. Mail<br>[ ] Via Facsimile | |

                                                          */s  Nicholas E. Pantelopoulos*
                                                            Nicholas E. Pantelopoulos